**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALAN LYNN MCDONALD, #1039962,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:23-CV-415-M (BH)** |
| | ) | |
| **WARDEN SMITH,** | ) | |
| **James V. Allred Unit,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on March 21, 2023 (doc. 5), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

## I.    BACKGROUND

Alan Lynn McDonald (Petitioner), an inmate incarcerated in the James V. Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his 2001 sentence and conviction for murder in the 283rd Judicial District Court of Dallas County, Texas, under 28 U.S.C. § 2254. (*See* doc. 5 at 1-2.)  He names the Warden of the James V. Allred Unit as the respondent.  (*See id.* at 1.)

After entering an open plea of guilty under a plea agreement, Petitioner was convicted of murder on May 2, 2001, in Case No. F00-46077-PT in the 283rd Judicial District Court of Dallas County, Texas, and was sentenced to 60 years' imprisonment.  *See State v. McDonald*, No. F00-46077-PT (283rd Jud. Dist. Ct., Dallas Cty., Tex. May 2, 2001).  The judgment was affirmed on appeal.  *See McDonald v. State*, Nos. 05-01-00851-CR, 05-01-00852-CR, 05-01-00853-CR, 2002

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

WL 1822440 (Tex. App.—Dallas Aug. 9, 2002, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review (PDR). *See McDonald v. State*, No. PD-1653-02 (Tex. Crim. App. Jan. 29, 2003). Petitioner's first state habeas application, received by the Texas Court of Criminal Appeals on November 8, 2004, was denied without written order on the findings of the trial court without a hearing on December 15, 2004. *See Ex parte McDonald*, No. WR-60,605-01 (Tex. Crim. App. Dec. 15, 2004).

Petitioner filed his first federal habeas petition challenging his murder conviction under § 2254 on December 27, 2004. (*See McDonald v. Dretke*, No. 3:04-CV-2720-B, doc. 1.) The § 2254 petition was denied and dismissed on the merits on August 18, 2005. (*See id.*, docs. 12, 14-15.) The United States Court of Appeals for the Fifth Circuit (Fifth Circuit) denied a certificate of appealability on November 15, 2006. (*See id.*, doc. 23.)

Petitioner subsequently filed four additional state habeas applications that were received by the Texas Court of Criminal Appeals in 2009, 2014, and 2016; the first, second, and fourth applications were dismissed as subsequent applications, and Petitioner was denied leave to file the third application. *See Ex parte McDonald*, No. WR-60,605-02 (Tex. Crim. App. Mar. 11, 2009); *Ex parte McDonald*, No. WR-60,605-03 (Tex. Crim. App. Aug. 20, 2014); *Ex parte McDonald*, No. WR-60,605-04 (Tex. Crim. App. Mar. 30, 2016); *Ex parte McDonald*, No. WR-60,605-05 (Tex. Crim. App. Aug. 24, 2016).

Petitioner's second § 2254 petition, received on April 10, 2018, was transferred to the Fifth Circuit because he had not received authorization to file a successive petition. *See McDonald v. Davis*, No. 3:18-CV-00891-S (BT), 2019 WL 2233855 (N.D. Tex. Apr. 30, 2019), *rec. adopted*, 2019 WL 2225352 (N.D. Tex. May 23, 2019). The Fifth Circuit dismissed the successive § 2254 petition at his request. *See In re McDonald*, No. 19-10590 (5th Cir. June 19, 2019).

2

Petitioner again challenges his state conviction and sentence under § 2254, alleging "Illegal Incarceration" and seeking "Immediate Release from illegal incarceration."  (doc. 5 at 7-8.)

## II.    JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction."  *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37.  If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive.  *See Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment.").  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however.  *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a

previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction and sentence that he challenged in a prior federal petition that was denied on its merits. (*See* doc. 5 at 2, 7, 12-13; No. 3:04-CV-2720-B, docs. 1, 12, 14-15.) Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction and sentence.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his first federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been

4

discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.*  Here, the petition should be transferred.

### III.    RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on March 21, 2023 (doc. 5), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 27th day of March, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6